BARRY J. PORTMAN
Federal Public Defender
JEROME E. MATTHEWS
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant WILLIAM LUSK, III

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>WILLIAM LUSK, III,<br><br>           Defendant. | No. CR-07 00374 MJJ<br><br>WILLIAM LUSK'S SENTENCING MEMORANDUM<br><br>**Sentencing Date: November 9, 2007** |

**1. Preliminary Statement**

From the time he was arrested by Oakland Police, William Lusk has accepted responsibility for his conduct. He agreed not to challenge any aspect of the government's case and permitted the government to file a charge of 18 U.S.C. § 922(g)(1) without first seeking an indictment. The proposed plea agreement reflects Mr. Lusk's willingness to move this case forward without challenge, and accommodates a collateral issue relating to the sentence previously imposed in Case No. 97 40048 SBA. In short, it appears that the 137-month sentence imposed in that case impermissibly incorporated an enhancement under USSG §2K2.1(b)(5). As a result, Mr. Lusk served twenty-six months in custody beyond that permitted by the Sentencing Guidelines.

For these reasons and those that follow, Mr. Lusk requests that the Court credit him with twenty-six months against the sentencing range of forty-six to fifty-seven months called for by the Guidelines.

**3. Sentencing Recommendation**

**I.**

**The Components of A Reasonable Sentence**

*United States v. Booker*, 543 U.S. 220 (2005), directs the sentencing court to impose an appropriate sentence, unencumbered by offense levels, criminal history, or the availability of authorized downward departures. Under the post-*Booker* discretionary sentencing regime, the advisory Guideline range is only one factor among several that this Court is required to consider in determining what constitutes a reasonable sentence; even a sentence squarely within the suggested Guidelines range may not be reasonable. *United States v. Plouffe*, 445 F.3d 1126 (2006) (Guidelines sentence is reviewed for reasonableness).

In *Rita v. United States*, 127 S.Ct. 2456 (2007), the Supreme Court clarified that circuit courts of appeal may apply a presumption of reasonableness to sentences within the applicable Guidelines range; the district court, however, "does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.* at 2465. It must exercise "reasoned sentencing judgment, resting upon an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors. *Id.* at 2469. Commentators suggest that *Rita* makes it "inappropriate – and, one would think, reversible error – for a district judge to look to the Guidelines as providing a default sentencing range at initial sentencing."[1]

18 U.S.C. § 3553(a), the wellspring from which a reasonable sentence must be drawn, directs the Court to impose a sentence that is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing. Section § 3553(a) (emphasis added). Those purposes

---

[1] *E.g.*, Berman, *Rita, Reasoned Sentencing, and Resistance to Change*, 85 Denver University Law Review, p. 7, 14 (2007).

include the need:

- to provide just punishment;
- to create adequate deterrence;
- to protect the public; and
- to provide the defendant with necessary treatment and training.

Section 3553(a)(2).

Mr. Lusk suggests that the Guidelines are not entitled to any particular weight at all, much less a presumption of reasonableness, for the very reason that the Supreme Court says so. The *Booker* remedial opinion determined what Congress would have intended had it known that judicial fact finding was unconstitutional under § 3553(b). As the Court explained, "that mandatory system [embodied in § 3553(b)] is no longer an open choice." *Booker*, 543 U.S. at 263. Instead, the district court's duty is to impose the least amount of time necessary to achieve § 3553(a)'s purposes. The Guidelines range is subordinate to that duty.

## II.

## Mr. Lusk Served An Excessive Sentence On A Prior Conviction

On June 2, 1998, the Court sentenced Mr. Lusk to 137 months in prison for one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and one count of carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c). Mr. Lusk's former defense counsel and the government agreed to Guidelines calculations that set the adjusted offense level at 24, including a 4-level enhancement under USSG §2K2.1(b)(5) for possessing the firearm in connection with another felony offense. At a total combined offense level of 21 and Criminal History Category VI, Mr. Lusk's sentencing range on the felon-in-possession count was 77 to 96 months. Because the section 924(c) count required a consecutive sixty-month sentence, the Court imposed a total sentence of 137 months.

This was error. Precedent in this and other circuits demonstrate that a specific offense characteristic weapon enhancement to an underlying offense is improper when a defendant is

1  also convicted under 18 U.S.C. § 924(c)(1). *United States v. Brown*, 332 F.3d 1341 (11th Cir.
2  2003), is instructive. There, defendant was charged with felon in possession, drug trafficking
3  and section 924(c). The government permitted the defendant to plead to just the firearm and
4  section 924(c) counts, but sought a §2K2.1(b)(5) enhancement. The court of appeals reversed,
5  holding that the enhancement was improper with respect to any firearm possessed in the course
6  of the underlying offense, and thus any gun possessed in the course of the drug trafficking
7  offense that resulted in a conviction on the felon in possession charge could not be subject to the
8  enhancement. 332 F.3d at 1345 - 46.

9  In *United States v. Aquino*, 242 F.3d 859 (9th Cir. 2001), the court reached the same result
10  in the context of guns possessed by co-defendants. The district court applied a §2D1.1(b)(1)
11  enhancement believing that it did not result in double-counting because the section 924(c) charge
12  was based on a gun possessed by the defendant, while the enhancement was based on guns
13  defendant provided to his co-defendants. The Ninth Circuit reversed, noting that if a "defendant
14  is convicted of a § 924(c) violation, his sentence many not be enhanced at all for any conduct for
15  which the defendant is accountable within the scope of relevant conduct . . .." *Id.* at 864.

16  Mr. Lusk cannot determine whether the Ninth Circuit had directly addressed this issue
17  prior to his sentencing in 1998, but Application Note 2 to USSG §2K2.4 was in effect.[2] In any
18  event, the clarifying amendment was retroactive. *Aquino*, 242 F.3d at 865; *Brown*, 332 F.3d at
19  1344 n.4.

20  Mr. Lusk respectfully submits that the Court imposed an illegal sentence. Had the Court
21  not imposed the §2K2.1(b)(5) 4-level enhancement, the resulting offense level would have been

---

[2] At the time Mr. Lusk was sentenced, Application Note 2 to USSG §2K2.4 provided that no specific offense characteristic for possession of a firearm was to be applied in conjunction with a sentence for section 924(c). Because there was apparent confusion among the courts of appeal whether enhancements were precluded when the underlying offense was felon-in-possession, rather than a crime of violence or drug trafficking offense, the Sentencing Commission amended Application Note 2 effective November 1, 2000, to clarify that a defendant sentenced under §2K2.4 may not also receive an enhancement under §2K2.1(b)(5). *Brown*, 332 F.3d at 1346.

Lusk Sent. Memo                                    4

17, and the sentencing range would have been 51 to 63 months. Instead, Mr. Lusk was sentenced to 77 months on the felon-in-possession count, 26 months more than the low end of the applicable sentencing range.

This Court has an opportunity to correct the error.[3] The parties agree that the sentence was erroneous and the plea agreement expressly permits Mr. Lusk to seek credit for excess against the sentence the Court will impose in this case. At offense level 17 and a Criminal History Category of V, the Guidelines sentencing range is 46 to 57 months, and a 26-month credit would reduce the range to 20 to 31 months.

A credit for time erroneously served also will result in a just and reasonable sentence. At the time of his arrest, Mr. Lusk was planning to leave the Bay Area to establish residence where he would not be subject to the persistent influences that have brought trouble to his life. He had consulted with House of Joy, a Vallejo-based program for at-risk youth, and, if his probation officer had permitted him to do so, would have had his supervision transferred to the Eastern District to work more closely with that program. The letters of support attached to this memorandum[4] attest to Mr. Lusk's willingness, desire and talent in reaching out to others. With perseverance, and perhaps a change of environment, he can direct that same willingness, desire and talent to turning his own life around.

//
//
//
//
//

---

[3] Before *Booker* rendered the Guidelines advisory, the Ninth Circuit had noted that the district court was authorized to depart downward to compensate for time erroneously served. *See United States v. Miller*, 991 F.2d 552, 554 (9th Cir. 1993), *overruled on other grounds by Koon v. United States*, 518 U.S. 81 (1996).

[4] Copies are attached collectively as Exhibit A.

**4. Conclusion**

For the reasons stated, William Lusk respectfully requests that the Court impose a sentence in the range of 20 to 31 months.

Dated: November 5, 2007

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/S/

JEROME E. MATTHEWS
Assistant Federal Public Defender