SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

GEORGE L. BEVAN JR. (CSBN 65207)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, CA, 94612
Telephone: 510-637-3689
Fax 510-637-3679
Email: George.bevan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>WILLIAM LUSK, III,<br>Defendant. | No. CR-07-374-MJJ<br><br>UNITED STATES' <u>SENTENCING MEMORANDUM</u><br><br>Date: November 9, 2007<br>Time: 2:30 p.m. |

The United States submits this sentencing memorandum for the defendant's sentencing scheduled for the above date and time. The defendant is before the Court for sentencing on his guilty plea to a one-count Information count filed herein on June 13, 2007, charging a violation of 18 U.S.C. § 922(g)(1) – unlawful possession of a firearm by a person previously convicted of a felony.

The defendant pled guilty pursuant to a "C" plea agreement in which the parties agreed that a reasonable and appropriate disposition was "a term of imprisonment within the advisory Guideline range determined to be applicable by the Court, subject however,

to my [defendant's] right to argue that the term of imprisonment in this case should be reduced by the amount of prison time that I served on my original conviction in CR-97-40048-SBA which resulted from the erroneous application of a 4-level increase to my Guideline range under then applicable Guideline § 2K2.1(b)(5) . . . such term of imprisonment to be followed by a term of 3 years supervised release, subject to conditions to be by the Court; no fine; and a $100 special assessment."

1. Government's Sentencing Recommendation

The United States agrees with the Probation Office that the applicable advisory Guideline range is **46-57 months**, based on a total offense level of 17, at Criminal History Category V.

The government recommends a term of imprisonment of 46 months, which is the low end of the applicable Guideline range. This case marks the defendant's fifth felony conviction for unlawful possession of a firearm. His previous convictions were in 1991 (see Amended Criminal History/Guideline Investigation Report, at ¶ 23); 1992 (¶ 24); 1994 (¶ 25); and 1998 (¶ 26). That fact alone would warrant a high end sentence because it is clear the defendant is not yet committed to obeying federal and state law, as a convicted felon, that he not possess a firearm and ammunition. The defendant continues to be danger to the community in that respect.

Yet, our sentencing recommendation is tempered by the defendant's early acceptance of responsibility in this case and his decision to waive indictment and plead guilty without delay. Our recommendation of a low end sentence also factors in whatever legal issue there may be by reason of the defendant's claim that he served more time in federal prison on his previous federal conviction than he legally should have by reason of a 4-level increase under then applicable Guideline § 2K2.1(b)(5).

2. The Defendant's Prior Sentence in CR-97-40048-SBA

In January 1998, the defendant pled guilty to three of the four counts in the Indictment – 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a)(1)(powder cocaine), and 924(c). The government agreed to dismiss a second § 841(a)(1) count involving cocaine base.

The government dismissed the cocaine base count to keep the defendant's sentence within the projected parameters of 123-138 months. However, the Probation Office incorporated the crack cocaine possessed by the defendant into the Guideline computation as relevant conduct. This increased the agreed-upon base offense level from 20 to 30. This increased offense level was contrary to the parties' expectations, and the government's effort to arrive at a fair sentence. To remedy this situation, the government agreed that the defendant could withdraw his previous guilty plea to the § 841(a)(1) count for powder cocaine (Count 2), and be sentenced on the felon in possession count (Count 1) and the 924(c) count (Count 4), which is what happened. A copy of the amended plea agreement pursuant to which the defendant pled guilty and was sentenced by Judge Armstrong, is attached as Exhibit A.

The defendant was sentenced to 137 months in federal prison on June 2, 1998 by Judge Armstrong. More than three years after he was sentenced, while the defendant was serving his sentence, the defendant filed a motion in the district court to modify/reduce his term of imprisonment, in which he argued that the Court had erroneously applied the 4-level enhancement under Guideline § 2K2.1(b)(5). See Exhibit B, Docket Sheet, at # 56.

On December 21, 2001, the government filed an opposition to the defendant's motion challenging his sentence. See Exhibit C attached. The government argued, inter alia, that the defendant's motion to reduce his sentence was barred by the appeal waiver in the amended plea agreement entered into between the parties. Id. at p. 2.

On January 18, 2002, the defendant filed a motion to withdraw his motion. See Docket Sheet at # 59.

In the defendant's sentencing memorandum filed in this case, the defendant is again attacking his 1998 sentence, and seeking a 26-month credit against this current sentence. The government opposes the defendant's request for such credit, for three reasons. The defendant's 137-month sentence was within the range contemplated by the parties in that case. Second, but for the government's agreement that the defendant could

withdraw his plea to the § 841 count, the defendant's sentence would have been substantially longer than 137 months. Third, the defendant's attack on his sentence in his previous case violates the amended plea agreement in that case. The defendant agreed in paragraph 2 of the plea agreement "not to file any motion to collaterally attack and/or for relief from his conviction or sentence including any motion pursuant to the provisions of 28 U.S.C. § 2255." Clearly, the defendant's challenge to the legality of his prior sentence, via the route of seeking credit for 26 months of his prior sentence in this case, is a collateral attack on his prior sentence in violation of his promise in the plea agreement.

3. Conclusion

Based on the record before the Court, the United States believes that the foregoing recommended sentence of 46 months is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: 11/8/07

GEORGE L. BEVAN JR.
Assistant United States Attorney