# EXHIBIT A TO
# UNITED STATES'
# SENTENCING MEMORANDUM

U.S. Department of Justice

*United States Attorney*
*Northern District of California*

---

*Federal Building*
*1301 Clay Street, Suite 340S*
*Oakland, California 94612*

(510) 637-3707

FAX (510) 637-3724

April 6, 1998

Lisa Clark
Courtroom Deputy to the
Honorable Saundra Brown Armstrong
3rd Floor, Federal Courthouse
Oakland, Ca. 94612

    Re: United States v. William Lusk III
        Case No. CR-97-40048-SBA

Dear Lisa:

    Enclosed for the Court's review is a copy of the **Amended Plea Agreement** signed by the parties. This case is on for sentencing on Tuesday, **4/21/98**, at 9:30 a.m. Thanks Lisa.

        Sincerely,

        MICHAEL J. YAMAGUCHI
        United States Attorney

        GEORGE L. BEVAN, JR.
        Assistant United States Attorney

cc: Robert Byers, Esq.

Ex. A

MICHAEL J. YAMAGUCHI
United States Attorney

JOHN W. KENNEDY
Chief, Oakland Office

GEORGE L. BEVAN, JR.
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA  94612
   Telephone:  (510) 637-3707

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-97-40048-SBA |
| Plaintiff, | |
| v. | AMENDED PLEA AGREEMENT |
| WILLIAM LUSK, III, | |
| Defendant. | |

     The United States of America and the defendant, by and through their respective counsel, enter into this Amended Plea Agreement pursuant to Rule 11(e)(1)(A) and (B) of the Federal Rules of Criminal Procedure.  This Agreement supersedes the Plea Agreement previously entered into by the parties and filed with the Court on January 13, 1998.

DEFENDANT'S PROMISES

     1.  The defendant reaffirms his guilty plea to the offenses charged in **Counts One and Four** of the Indictment (copy of Indictment is attached), which the District Court accepted on or about January 13, 1998.  Count One charges a violation of 18 U.S.C. § 922(g)(1),

1  felon in possession of a firearm in and affecting commerce.  Count
2  Four charges a violation of 18 U.S.C. § 924(c), carrying a firearm
3  during and in relation to a drug trafficking crime.
4       2.   The defendant further agrees not to seek to withdraw his
5  guilty plea, and agrees not to file a motion for a downward departure
6  under the Sentencing Guidelines.  The defendant further agrees to
7  waive his right to appeal from any part of the judgment and commitment
8  order issued by the District Court other than an upward departure.
9  The defendant further agrees not to file any motion to collaterally
10 attack and/or for relief from his conviction or sentence including any
11 motion pursuant to the provisions of 28 U.S.C. § 2255.  The defendant
12 further agrees not to appeal the District Court's denial of his motion
13 to suppress evidence.

                          GOVERNMENT'S PROMISES

15      3.   In exchange for the defendant's promises set forth herein,
16 the government agrees to the defendant withdrawing his guilty plea to
17 Count Two of the Indictment, which the Court accepted on or about
18 January 13, 1998.  The government further agrees to move, at the time
19 of sentencing, for the dismissal of Counts Two and Three of the
20 Indictment.
21      4.   The government further agrees to recommend a term of
22 imprisonment at the lowest end of the Guideline range determined to be
23 applicable by the district court, and further agrees not to move for
24 an upward departure under the Sentencing Guidelines.
25 //
26 //

                                    2

## APPLICATION OF SENTENCING GUIDELINES

5. The parties understand that the United States Sentencing Guidelines in effect at the time of sentencing apply to this case. The parties further agree that the following calculations are appropriate under the Guidelines.

   (a). As for Count One, the base offense level is 20 under Guideline § 2K2.1(a)(4)(A) if the defendant had one prior felony conviction for a controlled substance offense. The parties agree there are no applicable specific offense characteristics under Guideline § 2K2.1(b).

   (b). As for Count Four, a term of 60 months imprisonment, to run consecutive to whatever term of imprisonment is imposed on Count One, is required by 18 U.S.C. § 924(c) and Guideline § 2K2.4.

   (c). If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense conduct within the meaning of § 3E1.1, a 2-level reduction for acceptance of responsibility will be warranted under § 3E1.1(a). If the defendant receives a 2-level reduction for acceptance of responsibility, the parties agree that the defendant is entitled to receive an additional 1-level reduction under § 3E1.1(b). If defendant receives a 3-level reduction for acceptance of responsibility, the adjusted offense level for Count One will be 19.

6. The parties recognize that these understandings regarding the application of the Sentencing Guidelines are not binding on the sentencing judge, and that the defendant will not be entitled to withdraw his guilty plea in the event the Court determines that the

3

Guidelines are to be applied differently from the understandings of the parties set forth herein.

7. The parties make no agreement as to the defendant's criminal history category.

## ACKNOWLEDGEMENTS AND WAIVER OF RIGHTS

8. The defendant understands each of the provisions of this amended plea agreement, and each of the provisions has been explained to him by his attorney, Robert Byers. The defendant understands that the maximum possible sentence on Count One is 10 years in prison, a fine of up to $250,000, a term of 3 years supervised release, a $100 special assessment. As to Count Four, a term of 60 months imprisonment, to run consecutive to whatever term of imprisonment is imposed on Counts One and Two, is required by law, 18 U.S.C. § 924(c). There is also a $100 mandatory special assessment, a maximum fine of $250,000, and 3 years supervised release.

9. The defendant has discussed the case and all relevant constitutional and other rights with his counsel, and understands that by entering a plea of guilty, he relinquishes the following rights:

    a. to plead not guilty;
    b. to have a trial by jury;
    c. to confront, cross-examine, and compel the attendance of witnesses;
    d. to present evidence;
    e. to remain silent and refuse to be a witness by asserting the privilege against self-incrimination;
    f. to be presumed innocent until proven guilty beyond a

4

1 reasonable doubt.

2     g.  to appeal from the sentence imposed by the District Court, except as set forth in paragraph 2 herein.

10. The defendant's attorney has fully described to the defendant the nature of the charges and the nature and range of possible sentences. The defendant is satisfied that his counsel has provided competent representation.

11. The defendant reaffirms that his guilty pleas to Counts One and Four were made freely and voluntarily, and not as the result of force, threats, assurances, or promises other than the promises contained in this agreement.

12. In signing this agreement, the defendant is not under the influence of any drug, medication, liquor, intoxicant, or depressant, and is fully capable of understanding the terms and conditions of this plea agreement.

13. All promises here made by each party are made dependent on full performance of the promises made by the other party.

14. If the defendant commits any crimes between the time of the entry of his guilty plea and his sentencing, or if the defendant intentionally provides false or misleading information to the Probation Office or to the District Court, the government will have the right to recommend whatever sentence it deems appropriate in this case, including the filing of a motion for an upward departure, and to prosecute the defendant for any criminal conduct. In no event will the defendant be entitled to withdraw his guilty plea pursuant to this Agreement.

1   15. This Amended Plea Agreement constitutes all the terms of the
plea bargain between the government and defendant, and the government
has made no other representations to defendant or defendant's attorney
to induce the defendant to enter into this Agreement.  All terms not
specifically addressed herein remain open.

DATED: April 3, 1998        _____
                            WILLIAM LUSK III
                            Defendant


DATED: April 3, 1998        _____
                            ROBERT BYERS
                            Attorney for Defendant


                            MICHAEL J. YAMAGUCHI
                            United States Attorney


DATED: April 3, 1998        _____
                            GEORGE L. BEVAN JR.
                            Assistant United States Attorney

1  MICHAEL J. YAMAGUCHI
   United States Attorney
2
   Attorney for Plaintiff
3

ORIGINAL
FILED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) OAKLAND VENUE |
|---|---|
| Plaintiff | ) CR NO.: 97-40048 SBA |
| | ) VIOLATIONS: Title 21, United |
| v. | ) States Code, Section 841(a)(1)-- |
| | ) Possession With Intent to |
| | ) Distribute Cocaine; Title 18, |
| | ) United States Code, Section |
| | ) 924(c)(1)--Carrying Firearm |
| | ) During a Drug Trafficking Crime; |
| WILLIAM LUSK, | ) Title 18, United States Code, |
| | ) Section 922(g)(1)--Felon in |
| | ) Possession of Firearms and |
| Defendant. | ) Ammunition. |

I N D I C T M E N T

COUNT ONE:   18 U.S.C. § 922(g)(1)

   The Grand Jury charges that:

   On or about December 11, 1996, in the City of Oakland, County of Alameda, State and Northern District of California,

                    WILLIAM LUSK,

defendant herein, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess two firearms, described as a Browning, 9 millimeter, semi-automatic pistol, serial number 75C62337,

1

1  and a Norinco, 9 millimeter, semi-automatic pistol, serial number
2  311896, and ammunition, in and affecting commerce, in violation of
3  Title 18, United States Code, Section 922(g)(1).
4  //
5  //
6  //
7  //
8  //
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

1  COUNT TWO: 21 U.S.C. § 841(a)(1)
2      The Grand Jury further charges that:
3      On or about December 11, 1996, in the City of Oakland, County
4  of Alameda, State and Northern District of California,
5                          WILLIAM LUSK,
6  defendant herein, did knowingly possess with intent to distribute,
7  a mixture and substance containing a detectable amount of cocaine
8  (powder), a controlled substance, in violation of Title 21, United
9  States Code, Section 841(a)(1).
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

3

1  COUNT THREE:   21 U.S.C. § 841(a)(1)
2      The Grand Jury further charges that:
3      On or about December 11, 1996, in the City of Oakland, County
4  of Alameda, State and Northern District of California,
5                          WILLIAM LUSK,
6  defendant herein, did knowingly possess with intent to distribute,
7  a mixture and substance containing a detectable amount of cocaine
8  base (crack cocaine), a controlled substance, in violation of
9  Title 21, United States Code, Section 841(a)(1).
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

4

COUNT FOUR: 18 U.S.C. § 924(c)(1)

The Grand Jury further charges that:

On or about December 11, 1996, in the City of Oakland, County of Alameda, State and Northern District of California,

WILLIAM LUSK,

defendant herein, during and in relation to the drug trafficking crimes charged in Counts Two and Three herein, did knowingly carry a loaded Browning, 9 millimeter, semi-automatic pistol, serial number 75C62337 described in Count One herein, in violation of Title 18, United States Code, Section 924(c)(1).

DATED:                           A True Bill.

_____
FOREPERSON

*Michael J. Yamaguchi*
*by Charles B. Burch*

MICHAEL J. YAMAGUCHI
United States Attorney

Approved as to Form: *[signature]*
AUSA: GLBEVANJR

5