EXHIBIT C TO
UNITED STATES'
SENTENCING MEMORANDUM
CONTAINING EX. A THRU C

1 | DAVID W. SHAPIRO (NYSBN 2054054)
United States Attorney

2

3 | LESLIE R. CALDWELL (NYSBN 1950591)
Chief, Criminal Division

4 | GEORGE L. BEVAN, JR. (CSBN 65207)
Assistant United States Attorney

5 | Chief, Narcotics Section

6 | 11th Floor, 450 Golden Gate Avenue
San Francisco, CA 94102

7 | Telephone: (415) 436-6958

8 | Attorneys for the Plaintiff

ORIGINAL
FILED

DEC 2 1 2001

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

13

14

15

16

17

18

19

20

| UNITED STATES OF AMERICA, | ) | No. CR-97-40048-SBA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| | ) | |
| WILLIAM LUSK, III, | ) | |
| Defendant. | ) | |

The United States files this memorandum in opposition to the defendant's motion

to reduce the 137-month term of imprisonment imposed by the Court on June 2, 1998.

The defendant argues that if he had been sentenced under the current version of the

Application Notes to the Guidelines applicable to a 924(c) count – U.S.S.C. § 2K2.4 – he

would not receive a 4-level enhancement under § 2K2.1(b)(5) for his conviction on the

922(g) count (felon in possession of two firearms).

The Court applied the 4-level enhancement to the 922(g)(1) count, increasing the

adjusted offense level from 20 to 24. [See Judgment with Statement of Reasons, attached

1

Ex. C

1  as Exhibit A]. At Criminal History category VI, the 4-level enhancement increased the

2  defendant's Guideline range for the 922(g) count from 51-63 months to 77-96 months

3  (the difference between adjusted offense level 17 and 21). The Court imposed the low

4  end of 77 months, and when added to the consecutive 60 months required by the 924(c)

5  count, resulted in a 137-month sentence.

6      The government's position is that the defendant's motion to reduce his sentence is

7  barred by the appeal waiver in the Amened Plea Agreement entered into between the

8  parties. Alternatively, even if the November 2000 Guidelines are applied to the facts in

9  this case, the Court correctly applied the 4-level enhancement under § 2K2.1(b)(5)

10 because the 922(g) count involved two guns. Only one of the guns was charged and

11 accounted for in the 924(c) count. Both guns were possessed in connection with the

12 defendant's narcotics trafficking activity on December 11, 1996. Accordingly, the 4-level

13 enhancement is properly applied to the gun that was not charged in the 924(c) count.

14                              **Statement of Facts**

15     The facts pertinent to the defendant's motion are as follows:[1]

16     1.      On March 27, 1997, the Grand Jury returned a four-count indictment

17 against the defendant charging a violation of 18 U.S.C. § 922(g)(1), felon in possession of

18 two firearms[2] (**Count 1**); 21 U.S.C. § 841(a)(1), possession of powder cocaine with intent

19 to distribute (**Count 2**); 21 U.S.C. § 841(a)(1), possession of cocaine base with intent to

20 distribute (**Count 3**); and 18 U.S.C. § 924(c), carrying a loaded pistol during and in

21 relation to the drug offenses charged in Counts Two and Three (**Count 4**).

22     2.      The offense date alleged in the indictment for all four counts was December

23 11, 1996. On that date, the defendant possessed two loaded handguns – one on his person

24 and the other in the rear of his vehicle where the cocaine was found. Only one of the

---

[1] These facts are taken from pleadings filed in the case. Attached hereto as Exhibit B is a copy of the Clerk's criminal docket for reference, hereinafter abbreviated as "CR".

[2] The two firearms were a Browning 9-millimeter pistol, and a Norinco 9-millimeter pistol. The Browning pistol was identified as the firearm in the 924(c) count charged in Count Four.

1   guns was charged in the 924(c) count, that being the gun he was "carrying" on his person.
2   The 922(g) count included that gun but also charged the loaded gun that the defendant
3   had in his car in close proximity to the cocaine that he intended to distribute. [CR 39, p.4].

4       3.      On January 13, 1998, the defendant pled guilty to the 922(g) count
5   (Count 1), the powder cocaine (Count 2), and the 924(c) count. The government did not
6   require the defendant to plead to the crack cocaine count because of the prison exposure.
7   In preparing the Presentence Report (PSR), however, the Probation Office included the
8   crack cocaine as relevant conduct in the drug computation. An Amended Plea Agreement
9   was agreed to by the parties, allowing the defendant to request to withdraw his guilty
10  plea to Count 2, which the Court granted on April 21, 1998.

11      4.      The Amended Plea Agreement (CR 38) recited that the base offense level
12  was 20 for the 922(g) count, and that there were no applicable specific offense
13  characteristics under Guideline § 2K2.1(b).

14      5.      The final PSR agreed that the base offense level for the gun count was 20,
15  but the PSR also applied the 4-level enhancement under 2K2.1(b)(5) for the defendant
16  having "used or possessed any firearm or ammunition in connection with another felony
17  offense," that being the narcotics offenses charged in Counts 2 and 3.

18      6.      The government filed its sentencing memorandum on May 28, 1998. [CR
19  39]. The government advised the Court that after further research, it appeared that the
20  parties had erred as to the 4-level enhancement. The memorandum set forth why the
21  application of that enhancement to our facts was correct, but the government did not
22  advocate the 4-level increase because that would have been contrary to the Amended Plea
23  Agreement. The government position was that if the Court determines that the
24  adjustment is required, then it should be applied. [CR 39, p. 4].

25      7.      At sentencing on June 2, 1998, the Court found that the 4-level
26  enhancement was applicable, increasing the base offense level of 20 to an adjusted
27  offense level of 24.

28

3

1    8.    Paragraph 2 of the Amended Plea Agreement contained an express

2  appellate waiver. In relevant part, paragraph 2 read as follows:

3            The defendant further agrees to waive his right to appeal
              from any part of the judgment and commitment order issued
4            by the District Court other than an upward departure. The
              defendant further agrees not to file any motion to collaterally
5            attack and/or for relief from his conviction or sentence
              including any motion pursuant to the provisions of
6            28 U.S.C. § 2255. [CR 38, p. 2, ¶ 2]

7    9.    On November 19, 2001, the defendant filed the instant motion to reduce his

8  term of imprisonment. [CR 56].

9                              **Argument**

10 **1. The Defendant's Motion is Barred by the Terms of the Amended Plea Agreement**

11       The defendant is barred from filing this motion seeking a reduction of his term of

12 imprisonment by the express terms of paragraph 2 of the Amended Plea Agreement. The

13 defendant agreed in paragraph 2 "not to file any motion to collaterally attack and/or seek

14 relief from his conviction or sentence including any motion pursuant to the provisions of

15 28 U.S.C. § 2255." [CR 38, ¶ 2]. The defendant has now moved for relief from his

16 sentence, seeking relief from the 4-level enhancement under § 2K2.1(b)(5) included in the

17 Court's Guideline calculations for the 922(g) count.  We submit that the defendant's

18 motion is a breach of the plea agreement because it is a motion seeking relief from the

19 sentence imposed by the Court.

20       Knowing and voluntary waivers of appellate rights in criminal cases are "regularly

21 enforced." United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000). "The sole test

22 of a waiver's validity is whether it was made knowingly and voluntarily." Id. at 1068. In

23 determining whether a defendant's plea agreement waiver of his right to appeal was

24 knowingly and voluntarily made, the Court is to consider the express language of the

25 waiver and the facts and circumstances surrounding the signing and entry of the plea

26 agreement, including compliance with Rule 11. United States v. Nguyen, 235 F.3d 1179,

27 1182 (9th Cir. 2000).

28

4

In this case, the defendant expressly waived his right to file "any motion" to collaterally attack and/or for relief from his conviction or sentence. He acknowledged in the plea agreement that he understood each of the provisions of the agreement, and that each of the provisions had been explained to him by his attorney. He acknowledged that he understood that by pleading guilty, he was relinquishing various rights, including his right "to appeal from the sentence imposed by the District Court, except as set forth in paragraph 2 herein." [CR 38, ¶ 9g]. The defendant reaffirmed that his guilty pleas to Counts One and Four were made freely and voluntarily, and not as the result of force, threats, assurances, or promises other than the promises contained in the agreement. [CR 38, ¶ 11]. The defendant acknowledged that in signing the agreement, he was not under the influence of any drug, medication, liquor, intoxicant, or depressant, and was fully capable of understanding the terms and conditions of the agreement. [CR 38, ¶ 12].

We do not have a transcript of the Rule 11 plea colloquy. However, based on the express language of the plea agreement, the scope of the waiver encompasses the defendant's current motion to reduce his sentence. The waiver did not carve out any circumstances, such as a change in the Guidelines, in which the defendant could seek relief from his sentence. Accordingly, the motion is barred by the terms of the agreement between the parties.

**2. The Record Supports the Application of the 4-Level Enhancement**

Alternatively, we submit that the record before the Court at the time of sentencing supports the 4-level enhancement imposed by the Court. The defendant possessed two loaded firearms, one on his person and the other in his car. The gun alleged in the 924(c) count was the gun on the defendant's person. That gun was also alleged in the 922(g) count charged in Count One, together with a second loaded 9-millimeter gun recovered from the defendant's car where cocaine was also found.

The government's sentencing memorandum stated as follows: "A 4-level increase under 2K2.1(b)(5) would appear appropriate for the 922(g) offense in order to fully account for the defendant's possession of two guns – two loaded handguns being more

1  serious/dangerous than one loaded handgun – and their relationship to his narcotics
2  activity." [CR 38, p.4].

3      The Court's written Statement of Reasons in the Judgment do not specify which
4  gun formed the basis for the 4-level enhancement under § 2K2.1(b)(5). We would submit
5  that the record supports a finding that the defendant possessed both guns in connection
6  with another felony offense, namely, his possession of powder cocaine and cocaine base
7  with intent to distribute.

8      The defendant's motion appears to raise a valid point with respect to the
9  amendment of Application Note 2 under § 2K2.4 by the Sentencing Commission,
10  effective November 1, 2000. As we noted in our sentencing memorandum, the version of
11  the Sentencing Guidelines in effect at the time of the defendant's sentencing in 1998 did
12  not specifically address the application of 2K2.1(b)(5) where the defendant is sentenced
13  for being a felon in possession of a firearm, and sentenced for carrying the same gun in
14  relation to narcotics trafficking in violation of § 924(c). Moreover, the 924(c) Guidelines
15  (§ 2K2.4) in effect at the time of his sentencing did not address that situation.

16      However, effective with the November 2000 amendments, the Sentencing
17  Commission attempted to address that issue. The Commission did so by substituting a
18  new Application Note 2 under § 2K2.4. Application Note 2 begins with this sentence in
19  the first paragraph: "If a sentence under this guideline is imposed in conjunction with a
20  sentence for an underlying offense, do not apply any specific offense characteristic for
21  possession, brandishing, use, or discharge of an explosive or firearm when determining
22  the sentence for the underlying offense."

23      In our case, Section 2K2.4 is the Guideline applicable to the 924(c) count. The
24  predicate or "underlying" offense for the 924(c) charge were the cocaine offenses as the
25  defendant's possession of cocaine with intent to distribute charged in Counts Two and
26  Three. One reading of the first sentence of Application Note 2 is that if there is a
27  sentence imposed for the underlying offense, then the 4-level enhancement is not applied.
28  Here, by virtue of the government's desire to achieve a fair sentence, the defendant did

6

1   not plead guilty to either of the drug counts and was **not** sentenced "for an underlying
2   offense." Under that interpretation of Application Note 2, the application of the 4-level
3   enhancement was perfectly proper.

4          That interpretation is buttressed by the last sentence in the second paragraph of
5   Application Note 2: "For example, if in addition to a conviction for an underlying offense
6   of armed bank robbery, the defendant was convicted of being a felon in possession under
7   18 U.S.C. § 922(g), the enhancement under 2K2.1(b)(5) would not apply." In our case,
8   the defendant was convicted on a 922(g) count; the analogous equivalent to the bank
9   robbery robbery conviction in the example – drug charges – did not result in a conviction.

10         That interpretation is further supported by the last section in the "<u>Background</u>"
11  portion of § 2K2.4: "To avoid double counting, when a sentence under this section is
12  imposed in conjunction with a sentence for an underlying offense, any specific offense
13  characteristic for explosive or firearm discharge, use, brandishing, or possession is not
14  applied in respect to such underlying offense." This sentence supports the conclusion that
15  "double counting" is impermissible only if the defendant is convicted on the offense
16  underlying the 924(c) count. The 922(g) count is not the offense underlying the 924(c)
17  charge.

18         Notwithstanding the apparent meaning of Application Note 2, there is material in
19  Appendix C to the Sentencing Guidelines under Amendment 599, that undercuts this
20  interpretation and supports the defendant's position as to the 9-millimeter pistol charged
21  in the 924(c) and 922(g) counts. We are attaching as <u>Exhibit C</u> the pertinent pages from
22  Appendix C for the Court's reference. Referring to the new Application Note 2 under §
23  2K2.4, the Commission stated:

24              For similar reasons, this amendment also expands the application
                note to clarify that offenders who receive a sentence under § 2K2.4
25              should not receive enhancements under . . . § 2K2.1(b)(5) (pertaining
                to firearms or ammunition possessed, used, or transferred in
26              connection with another offense) with respect to any weapon,
                ammunition, or explosive connected to the offense underlying
27              The count of conviction sentenced under § 2K2.4.

28

7

1  This text supports the defendant's argument that the 4-level enhancement does not
2  apply to the 922(g) conviction insofar as the gun in that count also formed the basis of the
3  sentence under § 2K2.4 (the 924(c) count).

4  However, this text also supports the government's position at the time of sentence
5  that the 4-level increase was proper because the defendant possessed two guns, only one
6  of which was charged in the 924(c) count. The Commission's language is any weapon
7  "connected to the offense underlying the count of conviction sentenced under §2K2.4."
8  Only one weapon was connected to the 924(c) charge in Count Four, leaving the second
9  loaded 9-millimeter in the defendant's vehicle, where the cocaine was found, as the
10 predicate for the application of the 4-level enhancement. This interpretation about the
11 second gun is supported by an example in Application Note 2 to § 2K2.4. The last
12 sentence of paragraph one reads as follows: "However, if a defendant is convicted of two
13 armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only
14 one of the robberies, a weapon enhancement would apply to the bank robbery which was
15 not the basis for the 18 U.S.C. § 924(c) conviction."

16 By analogy to that second bank robbery example in the Application Note, the
17 defendant possessed two guns, only one which was referenced in the 924(c) charge. The
18 second gun possessed by the defendant in relation to his narcotics trafficking was not
19 accounted for in the 924(c) count, hence, no impermissible double counting would result
20 by the application of the 4-level enhancement to this gun.

21 ## Conclusion

22 The defendant's motion to reduce his sentence should be denied. The filing of the
23 motion is barred by defendant's appellate waiver in paragraph 2 of the Amended Plea
24 Agreement. Alternatively, even if the November 2000 version of Application Note 2
25 under § 2K2.4 is retroactively applied to this case pursuant to 18 U.S.C. § 3582(c)(2), the
26 record before the Court supports the 4-level enhancement under § 2K2.1(b)(5) as to the
27 Norinco pistol described in Count One. This gun was possessed by the defendant in
28 relation to his drug trafficking activity; this gun was not connected to the 924(c) charge,

8

1   and is therefore not implicated by the 2000 revision of the Guidelines.

2                      Respectfully submitted,

3                      DAVID W. SHAPIRO
4                      United States Attorney

5  Dated: __12/31/01__

6                      GEORGE L. BEVAN JR.
7                      Assistant United States Attorney

1

CERTIFICATE OF SERVICE

2

**UNITED STATES v. WILLIAM LUSK, III**
**CR 97-40048 SBA**

3

The undersigned hereby certifies that she is an employee of the Office of the United States

4

Attorney for the Northern District of California and is a person of such age and discretion to be

5

competent to serve papers. The undersigned further certifies that she caused a copy of:

6

7

**UNITED STATES' OPPOSITION**
**TO DEFENDANT'S MOTION TO**
**MODIFY TERM OF IMPRISONMENT**
**PURSUANT TO 18 U. S. C. § 3582(c)(2)**

8

9

to be served this date on the party(ies) in this action, **By U. S. mail**

10

**William Lusk, III (99671-011)**
**P. O. Box 26040**
**Beaumont, TX 77720-6040**

11

12

I declare under penalty of perjury under the laws of the State of California that the

13

foregoing is true and correct.

14

Dated: 12/21/01

15

Patty Lau

16

Legal Secretary

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of California

**FILED**

JUN 0 3 1998

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES OF AMERICA

v.

Case Number CR 97-40048-01-SBA

WILLIAM LUSK ,III
Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offense(s) Committed On or After November 1, 1987)

The defendant, WILLIAM LUSK ,III, was represented by ROBERT BYERS.

On motion of the United States, the court has dismissed count(s) 2 and 3.

The defendant pleaded guilty to count(s) 1 and 4. Accordingly, the defendant is adjudged guilty of the following count(s), involving the indicated offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 U.S.C. § 922 (g)1 | FELON IN POSSESSION OF FIREARMS AND AMMUNITION | ONE |
| 18 U.S.C. § 924 (c)(1) | CARRYING FIREARM DURING A DRUG TRAFFICKING CRIME | FOUR |

As pronounced on June 2, 1998, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200.00, for count(s) 1 and 4, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the _3rd_ day of _June_ , 19 _98_

_SAUNDRA BROWN ARMSTRONG_
SAUNDRA BROWN ARMSTRONG
U.S. DISTRICT COURT JUDGE

Defendant's SSAN:
Defendant's Date of Birth:

ENTERED IN CRIMINAL DOCKET _6/5_ , 19 _98_



Ex. A

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 6

Defendant:  WILLIAM LUSK ,III
Case Number:  CR 97-40048-01 SBA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED AND THIRTY SEVEN (137) months, this sentence includes seventy-seven (77) months on Count One, and sixty (60) ,months on Count Four to be served consecutive to Count One.

The Court makes the following recommendations to the Bureau of Prisons: That the defendant be housed at a federal facility in Fort Worth, Texas, based upon the defendant's desire to participate in the educational programs available at this facility.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to_____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By     _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 6

Defendant: WILLIAM LUSK ,III
Case Number: CR 97-40048-01 SBA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2) The defendant shall not leave the judicial district without the permission of the court or probation officer.
3) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer ten(10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)
8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
14) The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15) The defendant shall comply with the schedule of payments imposed by the probation officer to satisfy the balance of any monetary obligation resulting from the sentence imposed in this case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee.
16) Unless excused by a special condition of supervised release in this Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3583(d) regarding mandatory drug testing. A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) at the direction of the probation officer.
17) The defendant may be placed in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) by virtue of a special condition of supervision contained in this Judgment, at the direction of the probation officer after a positive urinalysis, or a court order entered during the period of supervision for other good cause shown. This program may include (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse, (b) a mandatory drug education program (which may include individual or group counseling provided by the probation office or an approved vendor), (c) placement in a residential treatment program or community corrections center for up to 180 days at the direction of the probation officer (with the defendant to pay the cost of subsistence if the probation officer determines that the defendant has the ability to do so), and (d) home confinement subject to electronic monitoring for a maximum period of 90 days at the direction of the probation officer (with the defendant to pay the cost of monitoring if the probation officer determines that the defendant has the ability to do so).
18) The defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 4 of 6

Defendant:  WILLIAM LUSK ,III
Case Number:  CR 97-40048-01 SBA

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) Defendant shall not possess a firearm or other dangerous weapon.

2) Defendant shall submit to a search of his person, residence, vehicle and any property under his control. Such search shall be conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for a revocation. Defendant shall warn any residents that the premises may be subject to searches;

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 5 - Fine

Judgment--Page 5 of 6

Defendant:  WILLIAM LUSK ,III
Case Number:  CR 97-40048-01 SBA

## FINE

The defendant shall pay a fine of $7500.00.

The Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived.

This fine is due and payable immediately and may be collected in accordance with the Bureau of Prisons Inmate Financial Responsibility Program provided that such participation does not conflict with any medical treatment which the defendant requires, including drug counseling or treatment if any. Seventy-five per cent (75%) of the net income that defendant earns in the Program shall be applied first to the satisfaction of the special assessment, and then to the fine imposed by this court. Any fine that remains unpaid as of defendant's release from custody shall be waived.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. § 3614.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 7 - Statement of Reasons

Judgment--Page 6 of 6

Defendant:  WILLIAM LUSK ,III
Case Number:  CR 97-40048-01 SBA

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report except See Statement of Reasons.

**Guideline Range Determined by the Court:**
Total Offense Level:                     21
Criminal History Category:            VI                              -
Imprisonment Range:                   77 months to 96 months + 60 month. Statutory minimum sentence consecutive.
Supervised Release Range:           2 TO 3 YEARS
Fine Range:                               $7500  to $75000
Restitution:                               $ none

The court finds that there is no victim of defendant's criminal conduct and consequently no restitution is ordered.

The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons: SEE STATEMENT OF REASONS

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

WILLIAM LUSK, III,

        Defendant.

_____/

No. CR 97-40048  SBA

**STATEMENT OF REASONS**

## I. **FACTUAL STATEMENT**

     The Court largely adopts the factual statement set forth in the Presentence Report revised April 23, 1998, and as modified at the sentencing hearing.  On March 27, 1997, a four count Indictment was filed charging the defendant, William Lusk, III, with violations of 18 U.S.C. § 922(g)(1) - Felon in Possession of Firearms and Ammunition (Count One); 21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute Cocaine (powder)(Count Two); 21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute Cocaine Base (crack cocaine)(Count Three);  and 18 U.S.C. § 924(c)(1) - Carrying a Firearm During and in Relation to a Drug Trafficking Crime (Count Four). On January 13, 1998, the defendant pleaded guilty to Counts One, Two and Four of the Indictment pursuant to Fed. R. Crim. P. 11(e)(1)(A) & (B).  On April 21, 1998, the defendant entered into an amended plea agreement and pleaded guilty to Counts One and Four.

/ / / /

**II. GUIDELINES COMPUTATIONS**

Since there are no ex post facto considerations, the guidelines currently in effect, as amended November 1, 1997, are applicable to this case.  USSG § 1B1.11(a).

A.    **Offense Level Computation**

    1.    **Count One**

        a.    **Base offense level**

The base offense level for a violation of 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm, is found under USSG § 2K2.1(a)(4)(A), as the defendant possessed a weapon subsequent to a controlled substance felony conviction.  That base offense level is **twenty (20)**.

        b.    **Specific Offense Characteristics**

            1.    Use or Possession of Weapon in Connection with Another Felony Offense

Pursuant to USSG § 2K2.1(b)(5), if the defendant used or possessed any firearm or ammunition in connection with another felony offense, increase the offense level by four levels.  The defendant was in possession of cocaine and cocaine base with intent to distribute.  Pursuant to USSG § 2K2.1, Application Note 7, "felony offense" is described as any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained.  Therefore, **four (4)** levels are added.  The adjusted offense level is thus **twenty-four (24)**.

    2.    **Count Four**

        a.    **Base Offense Level**

Under USSG § 2K2.4(a), if the defendant is convicted under 18 U.S.C. § 924(c), the term of imprisonment is that required by statute.  Further, the term of imprisonment imposed under this section is to run consecutively to any other term of imprisonment.  USSG § 2K2.4 & Application Note 1.  Whoever uses or carries a firearm during and in relation to any crime of violence or drug trafficking, "shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years."  18 U.S.C. 924(c)(1).  Here, the defendant has pleaded guilty to a violation of 18 U.S.C. 924(c)(1).  Therefore, five years

United States District Court
For the Northern District of California

1   imprisonment shall be added to any other sentence. The offense level, however, is not increased as a

2   result of count four. USSG § 3D1.2, Application Note 1.

3         **3.     Adjustment for Acceptance of Responsibility**

4         Defendant has admitted his is involvement in the offense, and has demonstrated an

5   affirmative acceptance of responsibility for his actions. Under USSG § 3E1.1(a), defendant is

6   entitled to a two level decrease in his offense level, as he has clearly demonstrated his acceptance of

7   responsibility for the offense conduct. Moreover, defendant notified the government of his intention

8   to plead guilty in a timely fashion, thereby permitting the government to avoid the cost of trial and

9   permitting the Court to allocate its resources efficiently. Since defendant qualifies for a decrease

10  under USSG § 3E1.1(a), and his offense level is greater than 16, he is entitled to an additional one

11  level decrease in his offense level in recognition of his assistance and timely guilty plea under USSG

12  § 3E1.1(b). Defendant's total offense level is thus **twenty-one (21)**.

13  **B.     Criminal History Category**

14        Defendant suffered a countable conviction in Alameda County Superior Court on January 10,

15  1990 for the Possession/Transportation of Cocaine for Sale, and was sentenced to twelve months jail,

16  three years formal probation with a search and seizure condition. On September 27, 1990, probation

17  was revoked, and defendant was sentenced to six months county jail. On April 1, 1991, probation

18  was revoked again and on May 16, 1991, probation was restored and terminated and a sixteen month

19  state prison sentence was imposed. Pursuant to USSG § 4A1.1(a), **three** points are added to the

20  criminal history score.

21        Defendant suffered a second countable conviction in Alameda County Superior Court on

22  May 16, 1991, for being an Ex-Felon in Possession of a Firearm. The defendant was sentenced to 16

23  months state prison and fined $100.00. Pursuant to USSG § 4A1.1(a), **three** points are added to the

24  criminal history score.

25        Defendant suffered a third countable conviction in Alameda County Superior Court on

26  November 4, 1992, for being an Ex-Felon in Possession of a Firearm. He was sentenced to sixteen

27  months imprisonment. Pursuant to USSG § 4A1.1(a), **three** points are added to the criminal history

28  score.

3

1    Defendant suffered a fourth countable conviction in Alameda County Superior Court on

2   August 31, 1994, for being an Ex-Felon in Possession of a Firearm. He was sentenced to sixteen

3   months imprisonment and fined $200.00. Pursuant to USSG § 4A1.1(a), **three** points are added to

4   the criminal history score. .

5    The above criminal convictions result in a total of twelve (12) criminal history points.

6    **Two** criminal history points are added as the instant offense was committed while the

7   defendant was on parole for the conviction on August 31, 1994. USSG § 4A1.1(d). Also, pursuant

8   to USSG § 4A1.1(e), if the defendant committed any part of the instant offense within two years of

9   being released on a sentence counted under USSG § 4A1.1(a) or (b), and receives points under

10   USSG 4A1.1(d), one point is added to the criminal history score. The defendant was released from a

11   sentence counted under USSG § 4A1.1(a) on December 15, 1995, therefore, one (1) point is added to

12   the criminal history score.

13    The above countable convictions result in a total Criminal History Score of **fifteen (15).**

14   According to the sentencing table in USSG Chapter Five, Part A, fifteen Criminal History Points

15   places the defendant in **Criminal History Category VI.**

16                    III. **SENTENCING OPTIONS**

17   **A.    Custody**

18        **1.    Statutory Provisions**

19    The maximum term of imprisonment for a violation of Title 18, United States Code Section

20   922(g) - Felon in Possession of a Firearm is 10 years. 18 U.S.C. § 924(a)(2). Since the maximum

21   term of imprisonment for this offense is less than twenty-five years, but ten or more, this offense is a

22   Class C felony. 18 U.S.C. § 3559(a)(3).

23    Pursuant to 18 U.S.C. § 924(c)(1), a term of five (5) years is required and must run

24   consecutively with any other sentence.

25        **2.    Guideline Provisions**

26    Based on a Total Offense Level of 21 and a Criminal History Category of VI, the guideline

27   imprisonment range is from seventy-seven (77) to ninety-six (96) months. USSG, Ch. 5, Pt. A.

28   Since the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall

United States District Court

For the Northern District of California

1   be served by a sentence of imprisonment.  USSG § 5C1.1(f).

2   Further, USSG § 2K2.4(a) states that if a person is convicted of 18 U.S.C. § 924(c), the

3   guideline range is the term required by statute.  Here, a term of five (5) years is the statutory term

4   and must be served consecutively with any other sentence.  USSG § 2K2.4 & Application Note 1, 18

5   U.S.C. 924(c)(1).

6   **B.    Supervised Release**

7       **1.    Statutory Provisions**

8   The maximum period of supervised release for a Class C felony is not more than three (3)

9   years.  18 U.S.C. § 3583(b)(2).

10      **2.    Guideline Provisions**

11  If a term of imprisonment of more than one year is imposed, the Court shall impose a term of

12  supervised release and the Court may impose a term in any other case.  USSG § 5D1.1.  If

13  supervised release is imposed for a Class C felony, the term shall be at least two (2) years but no

14  more than three (3) years pursuant to USSG § 5D1.2(a)(2).

15  **C.    Probation**

16      **1.    Statutory Provisions**

17  For a felony, the authorized term of probation is not less than one (1) year nor more than five

18  (5) years pursuant to 18 U.S.C. § 3561(c)(1).  Pursuant to 18 U.S.C. § 924(c)(1), probation is not

19  available for a violation of this section.

20      **2.    Guidelines Provisions**

21  Pursuant to USSG § 5B1.1, Application Note 2, the guidelines do not authorize a term of

22  probation if the applicable guideline range falls within Zones C or D of the sentencing table.  Since

23  the applicable guideline range in this case falls within Zone D of the sentencing table, a term of

24  probation is not authorized.

25  **D.    Fines**

26      **1.    Statutory Provisions**

27  An individual found guilty of a felony offense may not be fined more than $250,000.00 for

28  each felony.  18 U.S.C. § 3571(b)(3).  For an individual, a special assessment of $100 for each

1  felony conviction must be imposed pursuant to 18 U.S.C. § 3013(a)(2)(A).

2  **2.    Guideline Provisions**

3  According to USSG § 5E1.2(c)(3), the fine range for an offense level 21 is $7,500 to

4  $75,000. Subject to the defendant's ability to pay, pursuant to USSG § 5E1.2(d)(7), the Court shall

5  consider whether to impose a fine that is at least sufficient to pay the expected costs to the

6  government of any term of probation, imprisonment or supervised release. The most recent advisory

7  from the Administrative Office of the United States Courts, dated March 28, 1997, states that the

8  monthly cost is $1,910.77 for imprisonment, $217.18 for supervision, $1,186.25 for community

9  confinement. The Court has authority to reduce or waive the fine based on the defendant's ability to

10 pay. USSG § 5E1.2(e).

11 **IV. CONCLUSION**

12 After consideration of the Probation Officer's recommendation, the government's

13 recommendation and the arguments presented by counsel, the Court finds a sentence of seventy-

14 seven (77) months for count one is appropriate and sufficient to reflect the seriousness of defendant's

15 conduct and to protect the community from similar conduct in the future. An additional five (5)

16 years of imprisonment is statutorily required as to count four, and this sentence must be consecutive

17 to any other sentence. USSG § 2K2.4 & Application Note 1, 18 U.S.C. 924(c)(1). The maximum

18 term of three years supervised release is imposed to assist in facilitating the defendant's return to the

19 community.

20 The defendant may earn between $5.25 and $161.00 per month in the Bureau of Prisons'

21 Inmate Financial Responsibility Program. Inmates participating in the Inmate Financial

22 Responsibility Program are given priority for the higher paying positions. Based on an "average"

23 earnings figure of $80.00 per month, and the Court's decision to sentence the defendant for a total

24 term of imprisonment of one-hundred-thirty-seven (137) months, defendant should be able to earn

25 $10,960 while he is incarcerated. The Court has determined that a fine of $7,500 is appropriate and

26 sufficient to insure the total combined sanction is punitive.

27 Accordingly,

28 IT IS HEREBY ORDERED THAT pursuant to the Sentencing Reform Act of 1984, it is the

*United States District Court*
*For the Northern District of California*

6

1    judgment of the Court that the defendant, William Lusk, III, is committed to the custody of the

2    Bureau of Prisons to be imprisoned for a term of seventy-seven (77) months on Count One, and

3    sixty (60) months on Count Four to be served consecutive to the term imposed in Count One.

4        While incarcerated, the defendant is ordered to participate in the Inmate Financial

5    Responsibility Program if he is eligible, provided that such participation does not conflict with drug

6    counseling or treatment, or any other medical treatment which the defendant requires. Seventy-five

7    per cent (75%) of the net income that defendant earns in the Program shall be applied, first to

8    satisfaction of the special assessment, and then to the defendant's fine. Any fine that remains unpaid

9    upon the defendant's release is waived.

10       Upon release from imprisonment, the defendant shall be placed on supervised release for a

11   term of three (3) years. Within 72 hours of release from the custody of the Bureau of Prisons, the

12   defendant shall report in person to the probation office in the district to which the defendant is

13   released.

14       While on supervised release, the defendant shall not commit another federal, state, or local

15   crime, shall comply with the standard conditions that have been adopted by this court, and shall

16   comply with the following additional conditions:

17           1.   Defendant shall pay any special assessment that is imposed by this judgment

18                and that remains unpaid at the commencement of the term of supervised

19                release;

20           2.   Defendant shall not possess any firearms or other dangerous weapons; and

21           3.   Defendant shall submit his person, residence, vehicle and any property under

22                his control to a search. Such a search shall be conducted by the United States

23                Probation Officer at a reasonable time and in a reasonable manner based upon

24                a reasonable suspicion of contraband or evidence of a violation of a condition

25                of release. Failure to submit to a search may be grounds for a revocation.

26                Defendant shall warn any other residents that the premises may be subject to

27                searches.

28       IT IS FURTHER ORDERED THAT defendant shall pay to the United States a special

7

United States District Court
For the Northern District of California

1 | assessment of $200.00, which is due immediately.

2 | IT IS FURTHER ORDERED that defendant pay a fine of $7,500.00.

3 | IT IS FURTHER ORDERED THAT the government's motion to dismiss Counts Two and

4 | Three of the Indictment is GRANTED.

5 | The Court recommends the Bureau of Prisons consider the defendant's eligibility for

6 | designation to a federal facility in Fort Worth, Texas, based upon the defendant's desire to participate

7 | in the educational programs available at this facility.

8 | IT IS SO ORDERED.

9 |

10 | Dated: June 5, 1998

SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
For the Northern District of California

8

EXHIBIT B

# U.S. District Court

## U.S. District for the Northern District of California (Oakland)

### CRIMINAL DOCKET FOR CASE #: 97-CR-40048-ALL

#### USA v. Lusk

Filed: 03/27/97
Other Dkt # 4:97-m -00004

### Case Assigned to: Judge Saundra Brown Armstrong

Case Referred to: Mag. Judge Wayne D. Brazil

WILLIAM LUSK (1)
    defendant
  [term  06/02/98]

Robert D. Byers
  [term  06/02/98]
  [COR LD NTC ret]
  1129 McKinley Avenue
  Oakland, CA 94610
  510-839-4774

Pending Counts:
18:922(g)(1): Felon in
possession of firearms and
ammunition
(1)

      Disposition
committed to custody of BOP for
a term of 77 months on
Count 1 and 60 months on Count
4 to run consecutively; 3
years supervised release; $200
special assessment; $7,500
fine
(1)

18:924(c)(1): Carrying firearm
during a drug trafficking
crime
(4)

committed to custody of BOP for
a term of 77 months on
Count 1 and 60 months on Count
4 to run consecutively; 3
years supervised release; $200
special assessment; $7,500
fine
(4)

Offense Level (opening): 4
Terminated Counts:
21:841(a)(1): Possession with
intent to distribute cocaine
(2)
21:841(a)(1): Possession with
intent to distribute cocaine
(3)

      Disposition
dismissed on government's
motion
(2)
dismissed on government's
motion
(3)

Ex. B

```
Offense Level (disposition): 4
Complaints                        Disposition
21:841(a)(1); 18:924(c)(1);
18:922(g)(1): possession of
cocaine powder and cocaine
base with intent to
distribute;   use of firearm
in relation to drug
trafficking crimes;
felon in possession of firearm
[ 4:97-m -4 ]
U. S. Attorneys:
  George L. Bevan, Jr.
  [COR LD NTC]
  U.S. Attorney's Office
  1301 Clay Street
  Oakland, CA 94612
  510-637-3740
```

# DOCKET   PROCEEDINGS

## DATE   #          DOCKET   ENTRY

| DATE | # | DOCKET ENTRY |
|------|---|--------------|
| 1/6/97 | 1 | COMPLAINT  William Lusk (1) count(s) cmp   Mag. Judge Wayne D. Brazil<br>[ 4:97-m -4 ] (kc) [Entry date 01/06/97] |
| 1/6/97 | 2 | MINUTES: before Mag. Judge Wayne D. Brazil; issuing warrant for defendant William Lusk; ( Tape No.: not recorded)<br>[ 4:97-m -4 ] (kc) [Entry date 01/07/97] |
| 1/6/97 | -- | Bench Warrant issued for William Lusk   by Mag. Judge Wayne D. Brazil   Bail Set: NO BAIL<br>[ 4:97-m -4 ] (kc) [Entry date 01/07/97] |
| 3/17/97 | 3 | MINUTES: before Mag. Judge Wayne D. Brazil; first appearance of William Lusk, Attorney present; I.D. of counsel and setting of detention hearing set for 9:15 on 3/18/97 for William Lusk ;, remanding deft. to custody; ( Tape No.: 97-25)<br>[ 4:97-m -4 ] (kc) [Entry date 03/19/97] |
| 3/18/97 | 4 | MINUTES: before Mag. Judge Wayne D. Brazil; I.D. of counsel held; Attorney for William Lusk  is Robert D. Byers; detention/status hearing set for 9:15 on 3/21/97 for William Lusk;   remanding deft. to custody; ( Tape No.: 97-25)<br>[ 4:97-m -4 ] (kc) [Entry date 03/19/97] |
| 3/19/97 | 5 | Bench Warrant returned executed as to William Lusk on 3/17/97<br>[ 4:97-m -4 ] (kc) [Entry date 03/20/97] |

3/21/97  6    MINUTES: before Mag. Judge Wayne D. Brazil; status hearing
              re attorney appearance held; timing of detention hearing
              WAIVED; preliminary exam/arraignment set for 9:15 on
              3/31/97 for William Lusk; remanding deft. to custody; (
              Tape No.: 97-28)
              [ 4:97-m -4 ] (kc) [Entry date 03/24/97]

3/27/97  7    INDICTMENT by AUSA George L. Bevan Jr.. Counts filed
              against William Lusk (1) count(s) 1, 2-3, 4 (kc)
              [Entry date 03/28/97]

3/31/97  8    MINUTES: before Mag. Judge Wayne D. Brazil; dft William
              Lusk arraigned; NOT GUILTY plea entered; Attorney present;
              preliminary exam held; Trial setting hearing will be held
              at 9:30 on 4/1/97 for William Lusk before Judge Saundra B.
              Armstrong; remanding deft. to custody; ( Tape No.:
              97-29) (kc) [Entry date 04/02/97]

4/1/97   9    MINUTES: before Judge Saundra B. Armstrong; Trial setting
              hearing continued to 4/29/97 at 9:30 for William Lusk;
              hearing on deft's motion to suppress set for 4/29/97 at
              9:30 for William Lusk; motion to be filed by 4/15/97,
              opposition due 4/22/97; ( C/R: Rosita Flores) (kc)
              [Entry date 04/03/97]

4/16/97  10   Notice of motion and MOTION before Judge Saundra B.
              Armstrong to suppress evidence by defendant William Lusk (kc)
              [Entry date 04/17/97]

4/16/97  11   MEMORANDUM by defendant William Lusk in support of motion
              to suppress evidence by defendant William Lusk [10-1] (kc)
              [Entry date 04/17/97]

4/16/97  12   EXHIBITS in support of motion to suppress evidence by
              defendant William Lusk [10-1] (kc) [Entry date 04/17/97]

4/16/97  13   PROOF OF SERVICE by defendant William Lusk of exhibits
              [12-1], memorandum [11-1], motion to suppress evidence by
              defendant William Lusk [10-1] (kc) [Entry date 04/17/97]

4/22/97  14   OPPOSITION by Plaintiff USA to motion to suppress evidence
              by defendant William Lusk [10-1] (kc) [Entry date 04/23/97]

4/22/97  15   DECLARATION by George Bevan Jr. in support of opposition
              [14-1] (kc) [Entry date 04/23/97]

4/29/97  16   MINUTES: before Judge Saundra B. Armstrong; Trial
              setting/motion hearing not held; evidentiary hearing will
              be held at 9:00 on 5/7/97 for William Lusk; (C/R: Carol
              Karen) (kc) [Entry date 05/01/97]

5/7/97   17   MINUTES: before Judge Saundra B. Armstrong; evidentiary
              hearing held; exhibit and witness list; ( C/R: Carol
              Karen) (kc) [Entry date 05/08/97]

5/15/97  18   REPORTER'S TRANSCRIPT; Date of proceedings: 5/7/97 ( C/R:
              Carol Karen) minutes [17-2] as to defendant William Lusk (kc)
              [Entry date 05/16/97]

5/21/97  19   OPENING SUPPLEMENTAL BRIEF in support FILED by defendant
              William Lusk regarding motion to suppress evidence by
              defendant William Lusk [10-1] (oh) [Entry date 05/22/97]

5/27/97  20   APPLICATION before Judge Saundra B. Armstrong for leave to
              file brief in excess of ten pages by USA as to William

Lusk (kc) [Entry date 05/29/97]

5/27/97  21  SUPPLEMENTAL MEMORANDUM by Plaintiff USA in opposition to motion to suppress evidence by defendant William Lusk [10-1] (kc) [Entry date 05/29/97]

5/30/97  22  Responsive Supplemental BRIEF by defendant William Lusk in support of motion to suppress evidence by defendant William Lusk [10-1] (scu) [Entry date 06/03/97]

7/28/97  23  ORDER by Judge Saundra B. Armstrong for deft. to file a brief, no later than 8/5/97, which supports the proposition that deft's Miranda rights were violated as to defendant William Lusk (kc) [Entry date 07/29/97]

7/28/97  24  MOTION before Judge Saundra B. Armstrong in limine barring the defense from making any reference to punishment to the jury by USA as to William Lusk (kc) [Entry date 07/29/97]

7/28/97  25  MOTION before Judge Saundra B. Armstrong for the exclusion of witnessess by USA as to William Lusk (kc) [Entry date 07/29/97]

8/5/97  26  SUPPLEMENTAL BRIEF by defendant William Lusk in support of motion to suppress evidence by defendant William Lusk [10-1] (kc) [Entry date 08/06/97]

12/15/97 27  ORDER by Judge Saundra B. Armstrong denying motion to suppress evidence by defendant William Lusk as to evidence seized during the search of his vehicle and granting as to post-arrest statements concerning his parole status [10-1] as to defendant William Lusk (kk) [Entry date 12/17/97]

12/15/97 --  Docket Modification (Administrative) to order [27-1] Trial setting hearing will be held at 9:30 1/13/98 for William Lusk ; status hearing will be held at 9:30 1/13/98 for William Lusk (kk) [Entry date 12/17/97]

1/13/98  28  MINUTES: filed on 1/13/98 before Judge Saundra B. Armstrong ;  William Lusk  enters guilty plea; William Lusk (1) count(s) 1, 2, 4, sentencing hearing will be held at 9:30 3/31/98 for William Lusk ; ( C/R: Candace Yount) (kk) [Entry date 01/14/98]

1/13/98  29  Application and ORDER  by Judge Saundra B. Armstrong William Lusk enters guilty counts 1,2,4 plea; (kk) [Entry date 01/14/98]

1/13/98  30  PLEA Agreement as to William Lusk (kk) [Entry date 01/14/98]

1/13/98  31  CLERK'S NOTICE for pre-sentence investigation as to defendant William Lusk (kk) [Entry date 01/14/98]

1/14/98  --  REFERRAL: referring case  to Mag. Judge Wayne D. Brazil (judi) [Entry date 01/14/98]

1/21/98  32  MINUTES: before Mag. Judge Wayne D. Brazil; detention hearing not held as to defendant William Lusk; counsel to contact Court with new date; remanding deft. to custody; (Tape No.: 98-2) (kc) [Entry date 01/22/98]

2/3/98  33  MINUTES: before Mag. Judge Wayne D. Brazil; detention hearing held; sentencing hearing will be held at 9:30 on 3/31/98 for William Lusk before Judge Saundra B. Armstrong; remanding deft. to custody; (Tape No.: 98-6) (kc)

[Entry date 02/04/98]

2/3/98   34    MEMORANDUM by defendant William Lusk in support of motion
for release pending sentencing (kc) [Entry date 02/04/98]

2/3/98   35    EXHIBITS in support of release pending sentencing [34-1] (kc)
[Entry date 02/04/98]

3/31/98   36    STIPULATION and ORDER   by Judge Saundra B. Armstrong
sentencing hearing will be held at 9:30 4/21/98 for
William Lusk ;   before Judge Saundra B. Armstrong as to
defendant William Lusk (kk) [Entry date 04/02/98]

4/21/98   37    MINUTES: filed on 4/21/98 before Judge Saundra B. Armstrong
Dft requested to withdraw plea of guilty to cnt 2 -
granted; Judgment & sentencing hearing continued to 9:30
a.m. on 6/2/98 for William Lusk; before Judge Saundra B.
Armstrong ( C/R: Melody Celestino-Cretin) (mmr)
[Entry date 04/22/98]

4/21/98   38    Amended PLEA Agreement as to William Lusk (mmr)
[Entry date 04/22/98]

5/28/98   39    SENTENCING memorandum filed by USA as to defendant William
Lusk (kc) [Entry date 05/29/98]

6/2/98   40    MINUTES: before Judge Saundra B. Armstrong; sentencing
William Lusk (1) count(s) 1, 4, committed to custody of BOP
for a term of 77 months on Count 1 and 60 months on Count 4
to run consecutively; 3 years supervised release; $200
special assessment; $7,500 fine; terminating case;
counts William Lusk (1) count(s) 2, 3, dismissed on
government's motion; (C/R: Candace Yount) (kc)
[Entry date 06/04/98]

6/3/98   41    JUDGMENT and Commitment issued as to William Lusk by Judge
Saundra B. Armstrong (cc: all counsel) ( Date Entered:
6/5/98) (kc) [Entry date 06/05/98]

10/20/98 42    LETTER dated 10/15/98 from William Lusk requesting
sentencing transcript (kc) [Entry date 10/23/98]

8/17/99   43    Payment Record Card: Payment of special assessment in the
amount of $200 on behalf of defendant William Lusk (kc)
[Entry date 08/19/99]

12/21/99 44    MOTION before Judge Saundra B. Armstrong to defer payment
of fine by defendant William Lusk (kc) [Entry date 12/22/99]

1/21/00   45    ORDER by Judge Saundra B. Armstrong GRANTING IN PART and
DENYING IN PART motion to defer payment of fine by
defendant William Lusk [44-1]; defendant to pay $25 per
month on the fine through the Inmate Financial
Responsiblity Program (kc) [Entry date 01/24/00]

5/12/00   46    ORDER by Judge Saundra B. Armstrong DENYING request to
defer payment of fine or set monthly obligations at $25 per
month as to defendant William Lusk (kc)
[Entry date 05/15/00]

6/16/00   47    NOTICE OF APPEAL by defendant William Lusk from Dist. Court
decision order [46-2]; Fee status billed (kc)
[Entry date 06/16/00]

6/16/00   --    Mailed request for payment of docket fee to appellant as to

defendant William Lusk  (cc to USCA)  (kc)
[Entry date 06/16/00]

6/16/00   --    Docket fee notification form and case information sheet to
                USCA [47-1] as to defendant William Lusk (kc)
                [Entry date 06/16/00]

6/16/00   48    Order for time schedule as to William Lusk (kc)
                [Entry date 06/16/00]

6/16/00   --    Copy of notice of appeal and docket sheet to all counsel as
                to defendant William Lusk (kc) [Entry date 06/16/00]

6/27/00   --    RECEIVED fee in amount of $105.00 (Receipt # 401903),
                appeal [47-1] (kc) [Entry date 06/29/00]

6/29/00   --    Amended docket fee payment notification mailed to USCA as
                to defendant William Lusk (kc) [Entry date 06/29/00]

1/23/01   49    NOTICE by Judge Saundra B. Armstrong that defendant may
                file a motion with this Court requesting an extension of
                time to file a notice of appeal no later than 30 days after
                the date of this notice as to defendant William Lusk (kc)
                [Entry date 01/26/01] [Edit date 01/26/01]

2/2/01    50    MAIL [49-2] addressed to defendant William Lusk returned
                from Post Office (kc) [Entry date 02/06/01]

2/5/01    51    Copy of USCA ORDER remanding case to the District Court
                for the limited purpose of permitting the defendant an
                opportunity to request an extension of time to file the
                notice of appeal as to defendant William Lusk (kc)
                [Entry date 02/06/01]

3/5/01    52    ORDER by Judge Saundra B. Armstrong that the time for
                filing a notice of appeal will not be extended under
                Fed.R.App.P.4(b)(4) as to defendant William Lusk (kc)
                [Entry date 03/06/01]

4/11/01   53    CERTIFIED COPY of USCA Order: dismissing the appeal for
                failure to prosecute [47-1] as to defendant William Lusk (kc)
                [Entry date 04/12/01]

4/12/01   54    CLERK's letter spreading the mandate to counsel re appeal
                [47-1] as to defendant William Lusk (kc)
                [Entry date 04/12/01]

5/14/01   55    MAIL [54-1] addressed to defendant William Lusk returned
                from Post Office (kc) [Entry date 05/15/01]

11/19/01  56    MOTION before Judge Saundra B. Armstrong by defendant
                William Lusk to modify term of imprisonment (kc)
                [Entry date 11/20/01]

11/28/01  57    ORDER setting briefing schedule by Judge Saundra B.
                Armstrong government shall file response to motion to
                modify term of imprisonment by 12/21/01; defendant may
                reply no later than 1/19/01, after which the motion will be
                deemed under submission as to defendant William Lusk (kc)
                [Entry date 11/29/01]

# EXHIBIT C

"The commission of a fraud in the course of a bankruptcy proceeding subjects the defendant to an enhanced sentence because that fraudulent conduct undermines the bankruptcy process as well as harms others with an interest in the bankruptcy estate.".

**Reason for Amendment:** The amendment was prompted by the circuit conflict regarding whether the enhancement in §2F1.1 (Fraud and Deceit) for "violation of any judicial or administrative order, injunction, decree, or process" applies to false statements made during bankruptcy proceedings. Compare United States v. Saacks, 131 F.3d 540 (5th Cir. 1997) (bankruptcy fraud implicates the violation of a judicial or administrative order or process within the meaning of the enhancement; United States v. Michalek, 54 F.3d 325 (7th Cir. 1995) (bankruptcy fraud is a "special procedure"; it is a violation of a specific adjudicatory process); United States v. Lloyd, 947 F.2d 339 (8th Cir. 1991) (knowing concealment of assets in bankruptcy fraud violates "judicial process"); United States v. Welch, 103 F.3d 906 (9th Cir. 1996) (same); United States v. Messner, 107 F.3d 1448 (10th Cir. 1997) (same); United States v. Bellew, 35 F.3d 518 (11th Cir. 1994) (knowing concealment of assets during bankruptcy proceedings qualifies as a violation of a "judicial order"), with United States v. Shadduck, 112 F.3d 523 (1st Cir. 1997) (falsely filling out bankruptcy forms does not violate judicial process since the debtor is not accorded a position of trust). See also United States v. Carrozella, 105 F. 3d 796 (2d Cir. 1997) (district court erred in enhancing the sentence for violation of judicial process in the case of a defendant who filed false accounts in probate court).

The majority of circuits have held that the current enhancement applies to a defendant who conceals assets in a bankruptcy case because the conduct violates a judicial order or violates judicial process. Commission data indicate that, in fiscal year 1998, 41 defendants received an increase for either "violation of a judicial order . . . or misrepresentation of a charitable organization." The data did not distinguish between the two parts of the enhancement.

This amendment creates a separate and distinct basis for a two-level enhancement under the fraud guideline for a misrepresentation or false statement made in the course of a bankruptcy proceeding. Additionally, the existing enhancement and its accompanying commentary are modified to make clear that, in order for the enhancement to apply in a fraud case not involving a bankruptcy proceeding, there must be a false statement in violation of a specific, prior order. Therefore, any case involving a bankruptcy fraud will result in a two-level enhancement, but in the case of a non-bankruptcy fraud, the enhancement will apply only if a defendant was given prior notice of a particular action. The Commission has decided to treat bankruptcy fraud more severely because of its adverse impact on the bankruptcy judicial process and because of the additional harm and seriousness involved in such conduct. See United States v. Saacks, 131 F.3d 540, 543 (5th Cir. 1997) (noting that bankruptcy fraud is more serious than "the most pedestrian federal fraud offense").

**Effective Date: The effective date of this amendment is November 1, 2000.**

598.    **Amendment:** Section 2K2.4 is amended by striking subsection (a) in its entirety and inserting the following:

Ex. C

"(a)    If the defendant, whether or not convicted of another crime, was convicted of violating:

    (1)    Section 844(h) of title 18, United States Code, the guideline sentence is the term of imprisonment required by statute.

    (2)    Section 924(c) or section 929(a) of title 18, United States Code, the guideline sentence is the minimum term of imprisonment required by statute.".

The Commentary to §2K2.4 captioned "Application Notes" is amended by striking Note 1 in its entirety and inserting the following:

"1.    Section 844(h) of title 18, United State Code, provides a mandatory term of imprisonment of 10 years (or 20 years for the second or subsequent offense). Sections 924(c) and 929(a) of title 18, United States Code, provide mandatory minimum terms of imprisonment (e.g., not less than five years). Subsection (a) reflects this distinction. Accordingly, the guideline sentence for a defendant convicted under 18 U.S.C. § 844(h) is the term required by the statute, and the guideline sentence for a defendant convicted under 18 U.S.C. § 924(c) or § 929(a) is the minimum term required by the relevant statute. Each of 18 U.S.C. §§ 844(h), 924(c), and 929(a) requires a term of imprisonment imposed under this section to run consecutively to any other term of imprisonment.

A sentence above the minimum term required by 18 U.S.C. § 924(c) or § 929(a) is an upward departure from the guideline sentence. A departure may be warranted, for example, to reflect the seriousness of the defendant's criminal history, particularly in a case in which the defendant is convicted of an 18 U.S.C. § 924(c) or § 929(a) offense and has at least two prior felony convictions for a crime of violence or a controlled substance offense that would have resulted in application of §4B1.1 (Career Offender) if that guideline applied to these offenses. See Application Note 3.".

The Commentary to §2K2.4 captioned "Background" is amended by striking the first sentence in its entirety and inserting the following:

"Section 844(h) of title 18, United States Code, provides a mandatory term of imprisonment. Sections 924(c) and 929(a) of title 18, United States Code, provide mandatory minimum terms of imprisonment. A sentence imposed pursuant to any of these statutes must be imposed to run consecutively to any other term of imprisonment.".

The Commentary to §3D1.1 captioned "Application Note" is amended in Note 1 in the second sentence by striking "mandatory term of five years" and inserting "mandatory minimum terms of imprisonment, based on the conduct involved,"; and in the seventh sentence by inserting "minimum" after "mandatory".

The Commentary to §5G1.2 is amended in the second sentence of the last paragraph by striking "mandatory term of five years" and inserting "mandatory minimum terms of imprisonment, based on the conduct involved,".

**Reason for Amendment:** This amendment revises §2K2.4 (Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes) to (1) clarify how the minimum, consecutive terms of imprisonment mandated by the statutes indexed to this guideline should be treated for purposes of guideline application; and (2) specify guideline sentences, for all statutes indexed to §2K2.4, that comply with the Commission's mandate in 28 U.S.C. § 994(b)(2) (requiring guideline sentencing ranges in which the maximum shall not exceed the minimum by more than the greater of 25 percent or six months). The Act to Throttle the Criminal Use of Guns, Pub. L. 105–386, changed the penalty provisions in 18 U.S.C. § 924(c) from fixed terms of years to ranges of "not less than" various terms of years. This effectively establishes mandatory minimum terms of imprisonment with implicit maximum terms of life. Section 929(a) of title 18, United States Code, contains similar provisions. Section 2K2.4 continues to provide that, in both cases, the term of imprisonment imposed under the statute should be determined independently of the usual guideline application rules and the sentence imposed should run consecutively to any other term of imprisonment. See §5G1.2(a). However, §2K2.4 previously stated that the term of imprisonment was that "required by statute." Because two of the statutes indexed to the guideline now provide for terms of a range of years, questions arose as to whether any sentence within the statutorily authorized range complied with the guidelines.

The amendment clarifies that the guideline sentence is the minimum term required by the statute of conviction, that a term greater than this minimum is an upward departure and should be imposed using the normal standards and procedures that apply to departures from the guideline range, and that such upward departures are invited under certain circumstances. See 18 U.S.C. § 3553(b). For example, career offenders who are convicted both of an offense under 18 U.S.C. § 924(c) and of an underlying crime of violence or drug trafficking typically will receive lengthy guideline sentences. This amendment modifies Application Note 1 of §2K2.4 to encourage an upward departure in the unusual circumstance in which an offender is convicted only of 18 U.S.C. § 924(c) and would have qualified as a career offender if that guideline applied to such convictions, or in other unusual circumstances in which the sentence in a particular case does not adequately reflect the seriousness of the defendant's criminal history. Because 18 U.S.C. § 844(h) still provides for fixed terms of imprisonment, the amendment differentiates it from the two statutes that provide for terms of a range of years.

The amendment also contains technical and conforming changes: §§3D1.1 (Procedure for Determining Offense Level on Multiple Counts) and 5G1.2 (Sentencing on Multiple Counts of Conviction) are revised to reflect a change to the penalty provision of 18 U.S.C. § 924(c).

**Effective Date: The effective date of this amendment is November 1, 2000.**

599.    **Amendment:** The Commentary to §2K2.4 captioned "Application Notes" is amended in Note 2 in the second paragraph by striking "paragraph" after "preceding" and inserting "paragraphs"; and by striking the first paragraph in its entirety and inserting the following:

"If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.

If the explosive or weapon that was possessed, brandished, used, or discharged in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under §2K1.3(b)(3) (pertaining to possession of explosive material in connection with another felony offense) or §2K2.1(b)(5) (pertaining to possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by these enhancements because of the relatedness of that conduct to the conduct that forms the basis for the conviction under 18 U.S.C. § 844(h), § 924(c) or § 929(a). For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under §2K2.1(b)(5) would not apply.".

The Commentary to §2K2.4 captioned "Application Notes", as amended by Amendment 600 (see supra), is further amended in Note 5 (formerly Note 4) in the third sentence by inserting "brandishing," after "possession,".

The Commentary to §2K2.4 captioned "Background" is amended in the second sentence by inserting "brandishing," after "use,".

**Reason for Amendment:** This amendment expands the commentary in Application Note 2 of §2K2.4 (Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes) to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses. The amendment directs that no guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 U.S.C. § 924(c) conviction, nor for any conduct with respect to that offense for which the defendant is accountable under §1B1.3 (Relevant Conduct). Guideline weapon enhancements may be applied, however, when determining the sentence for counts of

conviction outside the scope of relevant conduct for the underlying offense (e.g., a conviction for a second armed bank robbery for which no 18 U.S.C. § 924(c) conviction was obtained).

For similar reasons, this amendment also expands the application note to clarify that offenders who receive a sentence under §2K2.4 should not receive enhancements under §2K1.3(b)(3) (pertaining to explosive material connected with another offense), or §2K2.1(b)(5) (pertaining to firearms or ammunition possessed, used, or transferred in connection with another offense) with respect to any weapon, ammunition, or explosive connected to the offense underlying the count of conviction sentenced under §2K2.4.

The purposes of this amendment are to (1) avoid unwarranted disparity and duplicative punishment; and (2) conform application of guideline weapon enhancements with general guideline principles. The relevant application note to §2K2.4 previously stated that if a sentence was imposed under §2K2.4 in conjunction with a sentence for "an underlying offense," no weapon enhancement should be applied with respect to the guideline for the underlying offense. Some courts interpreted "underlying offense" narrowly to mean only the "crime of violence" or "drug trafficking offense" that forms the basis for the 18 U.S.C. § 924(c) conviction. See, e.g., United States v. Flennory,145 F.3d 1264, 1268-69 (11ᵗʰ Cir. 1998), cert. denied, 119 S.Ct. 1130 (1999). But see United States v. Smith, 196 F.3d 676, 679-82 (6ᵗʰ Cir. 1999) (a conviction under 18 U.S.C. § 922(g) qualifies as an "underlying offense," and thus, application of the enhancement in §2K2.1(b)(5) was impermissible double-counting). In other cases, offenders have received both the mandated statutory penalty and a guideline weapon enhancement in circumstances in which the guidelines generally would require a single weapon enhancement. See United States v. Gonzalez, 183 F.3d 1315, 1325-26 (11ᵗʰ Cir.), cert. denied, 120 S.Ct. 996 (2000) (both statutory and guideline increases may be imposed if defendant and accomplice used different weapons as part of a joint undertaking); United States v. Willett, 90 F.3d 404, 407-08 (9ᵗʰ Cir. 1996) (not double counting to apply both increases for separate weapons possessed by defendant). But see United States v. Knobloch, 131 F.3d 366, 372 (3d Cir. 1996) (error to apply guideline enhancement in addition to statutory penalty "even if the section 924(c)(1) sentence is for a different weapon than the weapon upon which the enhancement is predicated.").

The amendment clarifies application of the commentary, consistent with the definition of "offense" found in §1B1.1 (Application Note 1(*l*)) and with general guideline principles. It addresses disparate application arising from conflicting interpretations of the current guideline in different courts, and is intended to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm.

Finally, Application Notes 2 and 4 and the Background Commentary of §2K2.4 are revised to reflect changes to 18 U.S.C. § 924(c), made by the Act to Throttle the Criminal Use of Guns, Pub. L. 105–386, with respect to "brandishing" a firearm.

**Effective Date: The effective date of this amendment is November 1, 2000.**

**600.    Amendment:** The Commentary to §2K2.4 captioned "Application Notes" is amended by redesignating Notes 3 and 4 as Notes 4 and 5, respectively; and by inserting after Note 2 the following:

> "3.    Do not apply Chapter Three (Adjustments) and Chapter Four (Criminal History and Criminal Livelihood) to any offense sentenced under this guideline. Such offenses are excluded from application of these chapters because the guideline sentence for each offense is determined only by the relevant statute. See §§3D1.1 (Procedure for Determining Offense Level on Multiple Counts) and 5G1.2 (Sentencing on Multiple Counts of Conviction).".

The Commentary to §4B1.2 captioned "Application Notes" is amended in Note 1 by striking "Possessing a firearm during and in relation to a crime of violence" and all that follows through the end of the first sentence and inserting the following:

"A prior conviction for violating 18 U.S.C. § 924(c) or § 929(a) is a 'prior felony conviction' for purposes of applying §4B1.1 (Career Offender) if the prior offense of conviction established that the underlying offense was a 'crime of violence' or 'controlled substance offense.'".

The Commentary to §4B1.2 captioned "Application Notes" is amended by redesignating Notes 2 and 3 as Notes 3 and 4, respectively; and by inserting after Note 1 the following:

> "2.    The guideline sentence for a conviction under 18 U.S.C. § 924(c) or § 929(a) is determined only by the statute and is imposed independently of any other sentence. See §§2K2.4 (Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes), 3D1.1 (Procedure for Determining Offense Level on Multiple Counts), and subsection (a) of §5G1.2.(Sentencing on Multiple Counts of Conviction). Accordingly, do not apply this guideline if the only offense of conviction is for violating 18 U.S.C. § 924(c) or § 929(a). For provisions pertaining to an upward departure from the guideline sentence for a conviction under 18 U.S.C. § 924(c) or § 929(a), see Application Note 1 of §2K2.4.".

**Reason for Amendment:** This amendment revises §§2K2.4 (Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes) and 4B1.2 (Definitions of Terms Used in Section 4B1.1) to clarify guideline application for offenders convicted under 18 U.S.C. §§ 924(c) and 929(a) who might also qualify as career offenders under the rules and definitions provided in §§4B1.1 (Career Offender) and 4B1.2. This amendment preserves the status quo as it existed prior to the statutory changes to 18 U.S.C. § 924(c), made by the Act to Throttle the Criminal Use of Guns, Pub. L. 105-386, that established a statutory maximum of life for all violations of the statute.

This amendment adds a new Application Note 3 to §2K2.4 directing courts not to apply Chapter Three (Adjustments) or Chapter Four (Criminal History and Criminal Livelihood) to any offense sentenced under §2K2.4. This effectively prohibits the use of 18 U.S.C. § 924(c) convictions either to trigger application of the career offender guideline, §4B1.1,

or to determine the appropriate offense level under that guideline. Application Note 1 of §4B1.2 also is amended to clarify, however, that prior convictions for violating 18 U.S.C. § 924(c) will continue to qualify as "prior felony convictions" under the career offender guideline in most circumstances.

**Effective Date: The effective date of this amendment is November 1, 2000.**

601.    **Amendment:** The Commentary to §1B1.1 captioned "Application Notes" is amended in Note 1(c) by striking "that the weapon was pointed or waved about, or displayed in a threatening manner." and inserting the following:

> "that all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person. Accordingly, although the dangerous weapon does not have to be directly visible, the weapon must be present.".

The Commentary to §1B1.1 captioned "Application Notes" is amended in Note 1 by striking subdivision (d) in its entirety and inserting the following:

> "(d)    'Dangerous weapon' means (i) an instrument capable of inflicting death or serious bodily injury; or (ii) an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument (e.g. a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun).".

Section 2A3.1(b)(1) is amended by striking "(including, but not limited to, the use or display of any dangerous weapon)".

The Commentary to §2A3.1 captioned "Application Notes" is amended in Note 1 by striking "where any dangerous weapon was used," and inserting "if any dangerous weapon was used or"; and by striking ", or displayed to intimidate the victim".

Section 2B3.1(b)(2) is amended by striking "displayed," each place it appears.

The Commentary to §2B3.1 captioned "Application Notes" is amended by striking Note 2 in its entirety and inserting the following:

> "2.    Consistent with Application Note 1(d)(ii) of §1B1.1 (Application Instructions), an object shall be considered to be a dangerous weapon for purposes of subsection (b)(2)(E) if (A) the object closely resembles an instrument capable of inflicting death or serious bodily injury; or (B) the defendant used the object in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury (e.g., a defendant wrapped a hand in a towel during a bank robbery to